IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

RICHARD LOUIS ALEXANDER,
                    Debtor,        MEMORANDUM AND ORDER

RICHARD LOUIS ALEXANDER,        10-cv-311-wmc

        Appellant,

v.

PRIME ASSET FUND II,

        Appellee.

Appellant Richard Alexander has filed this interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) from a decision by the Honorable Robert D. Martin in the United States Bankruptcy Court for the Western District of Wisconsin denying his motion for reconsideration of an order granting Prime Asset Fund II's motion for relief from a stay. Since Prime Asset Fund II does not urge the court to deny debtor leave to appeal, and it appearing some efficiency may be served by addressing the straightforward issues presented now, the court will take up the appeal and affirm Judge Martin's decision.

FACTS

On March 3, 2010, in a Chapter 11 proceeding, appellee Prime Asset Fund II moved for relief from an automatic stay in order to continue its state court mortgage foreclosure action on two properties owned by Alexander.[1] On March 17, 2010, Alexander filed a timely

---

[1] These properties are identified as 216 Marsh Lane, Warrens, Wisconsin and 250 Blossom Drive, Warrens, Wisconsin.

objection to the motion.

On April 12, 2010, Judge Martin held a hearing on Prime Asset Fund II's motion for relief from the automatic stay. Judge Martin noted: (1) Alexander's lack of equity in the properties, (2) the fact that he did not have evidence of hazard insurance, and (3) Alexander had failed to provide a reorganization plan that would adequately protect Prime Asset Fund II. Also, Judge Martin found baseless Alexander's assertion that Prime Asset Fund II lacked standing to file the motion for relief from stay.

After hearing the arguments of counsel for Prime Asset Fund II and the testimony and arguments of Alexander, Judge Martin granted Prime Asset Fund II's motion for relief from stay on April 23, 2010. On May 10, 2010, Alexander moved reconsideration of Judge's Martin's order. That same day Judge Martin denied the motion without a hearing.

OPINION

Bankruptcy Rule 8013 states:

> On appeal, the district court . . . may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Questions of law in bankruptcy appeals are reviewed de novo. *Department of Treasury of Com. of Puerto Rico v. Galarza Pagan*, 279 B.R. 43, 46 (D. Puerto Rico, 2002). Discretionary decisions by the bankruptcy court will not be set aside unless there is plain error or an abuse of discretion. *Id*.

At the hearing on Prime asset Fund II's motion for relief from stay, Judge Martin adequately explained his reasons for rejecting Alexander's opposition, each of which this court finds persuasive.  In his motion for reconsideration, Alexander offered no new facts or legal arguments.  Accordingly, Judge Martin denial of his motion for reconsideration was both proper and wholly unsurprising.

Accordingly, Judge Martin did not abuse his discretion in lifting the stay with respect to Prime Asset Fund II, nor in his refusal to reconsider his decision.

ORDER

IT IS ORDERED that the order of the Bankruptcy Court denying Alexander's motion for reconsideration of the granting of Prime Asset Fund II's motion for relief from stay is AFFIRMED.

Entered this 24th day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge